[No. 39087.     Department One.     June 1, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. PAULINE
LAPIERRE, *Appellant*.*

*Jess E. Minium, Jr.* (of *Callahan & Minium*), for appellant (appointed counsel for appeal).

*Wayne D. Purcell,* for respondent.

ROSELLINI, J.—The appellant was convicted in police court on a charge of shoplifting. She appealed to the supe-

*Reported in 428 P.2d 579.

rior court where a jury in a trial de novo returned a verdict of guilty on three counts. She was sentenced to 15 days in jail, with 10 days of the sentence suspended. She is represented in this court, as she was at the trial level, by court-appointed counsel, who has conducted her defense with commendable diligence and thoroughness.

The first contention of appellant is that she was denied her constitutional right to a jury trial in municipal court. This contention could have been raised by petition for a writ of review, but the appellant chose to appeal instead and was given a jury trial at the superior court level. Consequently, she waived any objections to the procedure in the municipal court. See *State v. Miller*, 59 Wn.2d 27, 365 P.2d 612 (1961).

It is next contended that the evidence introduced in the trial was secured by unlawful search and seizure. The items in question (toys in large boxes) were placed in a shopping cart by the appellant and were in the cart being carried to her automobile when the appellant was stopped by an employee of the store and was asked to exhibit her sales slip for the items. When she failed to do so, she was asked to accompany the employee to the back room of the store to discuss the matter. The cart was wheeled to the room with them, evidently by another employee. When the police came a few minutes later, the cart with its unwrapped contents was in plain view in the room.

In the case of *State v. Basil*, 126 Wash. 155, 217 Pac. 720 (1923), officers saw, through the glass in the door, a woman in her home pouring liquor from two bottles into a stove. They entered and took possession of the bottles and arrested the woman. This court held that since the officers did not enter the house for an unlawful purpose (to search for evidence of crime without a warrant or commit any other wrongful or unlawful act therein), in entering they committed at most a civil trespass and any evidence of crime visible to them was subject to their cognizance as police officers. They could lawfully seize it, this court said, as well as arrest the perpetrator of the crime. Also in *State v. Duncan*, 124 Wash. 372, 214 Pac. 838 (1923), this court held

that no search warrant is necessary when contraband items are in plain view. Other cases so holding are *State v. Miller,* 121 Wash. 153, 209 Pac. 9 (1922), and *State v. Dutcher,* 141 Wash. 627, 251 Pac. 879 (1927). See 47 Am. Jur. *Searches and Seizures* § 20 (1943); see also *Bremerton v. Smith,* 31 Wn.2d 788, 199 P.2d 95 (1948).

Since the evidence in this case was at all times in plain view, there was no unlawful search and seizure and the evidence was properly admissible.

The appellant complains of the fact that the prosecutor was allowed to amend the complaint in superior court. In police court, the appellant was charged on a complaint charging that she committed the crime of shoplifting, and that she did "wilfully and unlawfully take, steal and carry away the personal property of another to wit: a Johnny Express truck, a Barbie cut-N-curl set, and a Secret Sam weapons set, with intent to deprive and defraud the owner thereof." When the matter came before the superior court on appeal, the prosecutor was permitted to amend the complaint to charge three counts of shoplifting, in that she unlawfully and willfully took possession of goods, to wit: a Johnny Express truck, count one; Barbie cut-N-curl set, count two; a Secret Sam weapons set, count three, offered for sale by the retail store without consent of the seller, with the intention of converting such goods to her own use, without having paid the purchase price thereof.

The appellant concedes that the state has the right to amend and to add additional charges. She contends, however, that the complaint was not merely amended but that a new and different crime was charged. The cases cited by the appellant do not hold that a complaint may not be amended in superior court to charge a different crime, but that a person may not be convicted of a crime different from that with which he was charged in the complaint. In *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951), relied upon by the appellant, the evidence tended to show a crime different from that charged in the information. Seeking to sustain the conviction, the prosecutor argued that the information should be deemed amended to conform to the proof.

This court held that such an amendment would be deemed only as to the evidence introduced in support of the crime substantially charged in the information.

■ This is not a case of that kind. The evidence introduced in the trial supported the offense charged in the information and it is not suggested that the appellant was misled or prejudiced by the amendment or that the evidence in superior court was different from that in police court. If the amending of the information presented a problem in preparing a defense, the appellant was entitled to request a continuance to allow time for the preparation. Rule of Pleading, Practice and Procedure 101.04W, RCW vol. 0. We find no merit in this assignment.

■ Error is assigned to the refusal by the court to admit in evidence an affidavit of the appellant, a portion of which had been used by the prosecution to impeach the appellant's testimony concerning the amount of money which she had in her handbag when she went to the store. The appellant cites *Crock v. Magnolia Milling Co.*, 147 Wash. 589, 266 Pac. 727 (1928), holding that where one side offers a part of a written document, the other side is entitled to introduce the remainder, even though the document be self-serving. In that case, however, this court also recognized a permissible exception where the part objected to is without connection with the part admitted, or does not tend to modify or explain it.

The ruling of the trial court, in this case, was proper under the exception. The only portion of the affidavit pertaining to the amount of money which the appellant carried with her to the store was that which was referred to by the prosecutor in his efforts to impeach the appellant. The remainder of the document did not tend in any way to modify or explain that part of the affidavit and therefore would have had no value in rebutting the impeachment attempt.

The document was concerned for the most part with events which occurred after the appellant was arrested, when she was being questioned, and not with the facts involved in the alleged shoplifting. She does not suggest in what way the document would have aided her defense. Our

examination of it reveals no basis for a contention that its exclusion prejudiced her case. We conclude that the trial court did not abuse its discretion in refusing to admit the entire affidavit.

The appellant maintains that a mistrial should have been declared because of misconduct of a juror. The juror was making a grunting noise and placed her hand over her mouth. The appellant thought she was expressing disbelief of the appellant's testimony. The trial court felt that the juror was suffering from some malady occasioning these gestures and sounds and that they were not deliberate. In any event, the appellant asked the trial court to instruct the jury at that point that the members should not make up their minds until all the evidence was in. The trial court gave the requested instruction. Since there is nothing in the record to substantiate the appellant's theory that the juror was prejudiced, we are of the opinion that the court's admonition was sufficient to cure the alleged misconduct, if in fact it was misconduct.

■ Finally, the appellant complains of the giving of the standard instruction that a person is presumed to intend the natural and probable consequences of his conduct. The instruction given correctly states the law and is applicable to the evidence, inasmuch as the state could prove intent only by proving the acts of the appellant.

We find no error and the judgment is affirmed.

FINLEY, C. J., WEAVER, J., and BARNETT, J. Pro Tem., concur.