[No. 43083.    En Banc.    January 2, 1975.]

THE STATE OF WASHINGTON, *Respondent,* v. ERNEST LEE
WILLIAMS, *Petitioner.*

[See 21 Am. Jur. 2d, Criminal Law § 233.]

*Caughlan & Holley,* by *John Caughlan,* for petitioner
(appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Chris-
topher J. Bell* and *Jay A. Reich, Deputies,* for respondent.

HAMILTON, J.—The defendant (petitioner), Ernest Lee
Williams, an indigent, was charged with two counts of
arson. He pleaded not guilty. He was first tried on October
6, 7 and 8, 1971, with the jury being unable to agree upon a
verdict. A second trial commenced on February 14, 1972, in
a different department of the Superior Court for King
County, and concluded on February 16, 1972, with a verdict

of guilty as to both counts. The defendant appealed to the Court of Appeals. The Court of Appeals affirmed his conviction. *State v. Williams*, 9 Wn. App. 663, 513 P.2d 1045 (1973). We granted review. *State v. Williams*, 83 Wn,2d 1007 (1974).

In reversing the conviction and remanding for new trial, we reach but one claim of error, which is the failure of the trial court to provide defendant and his counsel with a statement of facts reflecting the proceedings during the first trial. *Britt v. North Carolina*, 404 U.S. 226, 30 L. Ed. 2d 400, 92 S. Ct. 431 (1971).

Counsel for defendant asserts, by uncontroverted affidavit, that on November 9, 1971, he presented and argued before another department of the Superior Court a motion to the effect that the defendant be furnished at public expense a transcript of the testimony of the prior trial. This motion was denied; unfortunately, however, the clerk of court's filing stamp on the motion reflects February 14, 1972, as the filing date, although this is inconsistent with the date of November 9, 1971, which appears on the motion and appended affidavit. At the commencement of the second trial on February 14, 1972, defense counsel, asserting his previous motion of November 9, 1971, renewed that motion together with a request for a delay to permit preparation of the requested statement of facts. Alternatively, he moved that the two court reporters, one a free-lance reporter and the other an official reporter assigned to another department of the Superior Court, who had reported the first trial, be made available with their notes for ready consultation. The trial court denied the motions commenting, in effect, that defense counsel would have to make such arrangements with the reporters as he could.

With respect to defense counsel's motion for production of the record made at the first trial, the Court of Appeals held that the motion came too late and that a continuance was not in order because defendant made no showing of

due diligence pursuant to RCW 10.46.080.[1] The court did not consider the affidavit and motion of November 9, 1971, because it found no record of that motion or of any order entered thereon.

■ While we have held on numerous occasions that granting or denying a motion for a continuance rests within the sound discretion of the trial court, *see, e.g., State v. Miles,* 77 Wn.2d 593, 464 P.2d 723 (1970), we have also held that failure to grant a continuance may deprive a defendant of a fair trial and due process of law, within the circumstances of a particular case. *State v. Cadena,* 74 Wn.2d 185, 443 P.2d 826 (1968).

■ In the instant case, the record presented, while not being totally devoid of doubt, fairly substantiates defense counsel's uncontroverted affidavit to the effect that he did submit and argue his motion and affidavit for an order to produce the statement of facts of the first trial on November 9, 1971. Not only does defense counsel's affidavit stand uncontroverted, but the motion and appended affidavit bear the November 9 date. In addition, the State, in response to questions during oral argument, stood mute as to whether the motion was or was not heard at the time asserted. This the State should not do when confronted with a seeming discrepancy in the record, clarification of which is essential to a fair and just determination. Under these circumstances, we feel constrained to conclude that defendant has carried his burden of proof as to due diligence and that his request for a continuance should not have been denied on the ground of lack of due diligence.

---

[1] "A continuance may be granted in any case on the ground of the absence of evidence on the motion of the defendant supported by affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it; and also the name and place of residence of the witness or witnesses; and the substance of the evidence expected to be obtained, and if the prosecuting attorney admit that such evidence would be given, and that it be considered as actually given on the trial or offered and overruled as improper the continuance shall not be granted." RCW 10.46.080.

There appears, however, a more compelling reason for reversal of the denial of the motion for continuance, for joined with that motion was one for production of the record of the first trial. In this vein, it is pertinent to bear in mind that the first trial, as did the retrial, consumed some 3 days, the State presented some 12 witnesses at the second trial, most if not all of whom testified at the first trial, 4 months elapsed between the two trials, disparate court reporters were involved, and the record of the earlier testimony was requested to assist defense counsel in demonstrating discrepancies in the testimony of witnesses.

A long line of cases beginning with *Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956), leading up to *Britt v. North Carolina, supra*, mandate that indigent criminal defendants be provided with the basic tools of an adequate defense or appeal, when those tools are available for a price to nonindigents.[2]

■ Although the outer limits of this principle have not been made clear by the United States Supreme Court, there can be no doubt that the State must provide indigent defendants with proper transcripts of prior proceedings, or ready access thereto, when such are needed for an effective defense, thus bringing the situation before us fairly within the broad parameters of the right. The exception of a viable alternative to the right noted in *Britt* is very narrow and cannot be strained to encompass the circumstances presented here.

Several federal courts considered somewhat similar factual situations to the one posed in this case. One such is *United States v. Young*, 472 F.2d 628 (6th Cir. 1972), wherein the defendant was prosecuted for receiving and con-

---

[2] *See Eskridge v. Washington Bd. of Prison Terms & Paroles*, 357 U.S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061 (1958); *Draper v. Washington*, 372 U.S. 487, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963); *Long v. District Court*, 385 U.S. 192, 17 L. Ed. 2d 290, 87 S. Ct. 362 (1966); *Roberts v. LaVallee*, 389 U.S. 40, 19 L. Ed. 2d 41, 88 S. Ct. 194 (1967); *Gardner v. California*, 393 U.S. 367, 21 L. Ed. 2d 601, 89 S. Ct. 580 (1969); *Williams v. Oklahoma City*, 395 U.S. 458, 23 L. Ed. 2d 440, 89 S. Ct. 1818 (1969).

cealing a motor vehicle moving in interstate commerce with knowledge that the vehicle had been stolen. Defendant's first trial resulted in a deadlock of the jurors. A motion for a transcript of the first trial and preliminary hearing was made a week later. Defendant was denied a transcript at the opening of the second trial when the court first suggested that the court reporter was available to read back any portion of the record. The Circuit Court of Appeals, in a per curiam opinion, held the denial to be error under *Britt*. In so holding, the court quoted the following from *Britt*:

> "We have repeatedly rejected the suggestion that in order to render effective assistance, counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial. Moreover, we doubt that it would suffice to provide the defendant with limited access to the court reporter during the course of the second trial. That approach was aptly rejected as 'too little and too late' in United States ex rel. Wilson v. McMann, 408 F.2d 896, 897 (CA 2 1969)."

*United States v. Young, supra* at 629.

*Britt* was decided on December 13, 1971. *United States ex rel. Wilson v. McMann,* 408 F.2d 896 (2d Cir. 1969), alluded to in *Britt*, was decided on March 14, 1969, and *United States v. Young, supra*, was decided on November 29, 1972. Thus, the trial court in the case at bench had *Britt* and *McMann* available to it at the time of its ruling on February 14, 1972, and should have granted defendant's motion for a transcript of the proceedings at the first trial, and a continuance in order to have it prepared.

We do not reach the remaining claims of error set forth in the petition for review, for it appears unlikely that the incidents giving rise thereto will reoccur on retrial.

The decision of the Court of Appeals and the judgment of conviction are reversed, and the cause is remanded to the Superior Court for further proceedings.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.