[No. 50600-1. En Banc. January 3, 1985.]

*In the Matter of the Personal Restraint of*
MAURICE SAUVE, *Petitioner.*

*Marston, Hodgins, Shorett, Gillingham, Hardman & Jones,* by *David L. Shorett* and *Eileen P. Farley,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Deborah Phillips, Deputy,* for respondent.

PEARSON, J.—Petitioner Maurice Sauve challenges the constitutionality of his conviction on several counts of robbery and possession of stolen property. Petitioner claims the rule announced in *Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980) should apply to his case and that consequently this court must declare the warrantless arrest and search conducted in his home unconstitutional. In addition, petitioner claims his right to confront witnesses against him was violated and that a conviction for robbery and possession of stolen property violates the double jeopardy provisions of the state and

federal constitutions. Because petitioner is unable to show actual and substantial prejudice resulting from the warrantless arrest and search, the failure of one witness to testify, and the dual convictions, his petition is denied.

The salient facts are as follows. On May 5, 1978, after receiving a tip from an informant, Seattle police officers arrested petitioner in connection with several robberies which had occurred earlier that day. The arrest was made in petitioner's home with neither an arrest warrant nor a search warrant. Following his arrest, petitioner was searched, was advised of his rights and consented to a search of his home. During the search police found credit cards belonging to two of the robbery victims. The police also found a gun. On June 19 and 20, 1978, a suppression hearing was conducted to determine the admissibility of the credit cards and gun. The police officer who arrested and searched petitioner testified at this hearing but the officer who received the informant's tip and relayed it to the arresting officer did not. The trial judge ruled that the evidence was admissible. In June 1978, petitioner was convicted of 11 counts of first degree robbery, 2 counts of first degree kidnapping, 1 count of second degree assault, and 2 counts of second degree possession of stolen property. In January 1979, petitioner was found to be a habitual criminal and on February 20, 1979, he was sentenced. In March 1979 petitioner appealed his judgment and sentence to the Court of Appeals.

Prior to the appellate court hearing petitioner's appeal, this court decided *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980). In addition, the United States Supreme Court decided *Payton v. New York, supra.* Thereafter, pursuant to *Holsworth,* the Court of Appeals remanded the case to the trial court for a rehearing on matters concerning the habitual criminal charge. *State v. Sauve,* 28 Wn. App. 1032 (1981). On remand, the State abandoned the habitual criminal charges and on May 11, 1981, petitioner was resentenced to a maximum term of life with all counts to run concurrently. Petitioner appealed the May 1981 judg-

ment and sentence and for the first time raised issues concerning the warrantless search. This appeal was dismissed by the Court of Appeals which held that because the warrantless arrest issues were not raised, but could have been raised in the first appeal, they cannot be considered in a second appeal. *State v. Sauve,* 33 Wn. App. 181, 652 P.2d 967 (1982). This court subsequently affirmed the appellate court's holding. *State v. Sauve,* 100 Wn.2d 84, 666 P.2d 894 (1983). Petitioner then renewed his challenges to the May 1981 judgment and sentence by filing a personal restraint petition with the Court of Appeals. The Court of Appeals then certified the case to this court.

## I

■■ Petitioner first asserts that search and seizure issues may be raised in a personal restraint petition. The State urges this court to adopt a rule similar to the one promulgated by the Supreme Court in *Stone v. Powell,* 428 U.S. 465, 49 L. Ed. 2d 1067, 96 S. Ct. 3037 (1976). The State argues that, pursuant to such a rule, this court should decline to reach search and seizure issues initially raised by way of personal restraint petitions. We find it unnecessary to reach this issue. As several of our prior cases have held, this court will not decide an issue on constitutional grounds when that issue can be resolved on other grounds. *Tommy P. v. Board of Cy. Comm'rs,* 97 Wn.2d 385, 391, 645 P.2d 697 (1982). Recently this court adopted the rule that the petitioner in a personal restraint petition has the burden of showing an actual prejudice created by constitutional error. *In re Hews,* 99 Wn.2d 80, 89, 660 P.2d 263 (1983). As demonstrated below, petitioner has failed to show that the warrantless arrest and search amounted to error. Consequently, it is not necessary to decide whether search and seizure issues may be raised initially in a personal restraint petition.

## II

Petitioner asserts that the rule announced in *Payton v. New York, supra,* should apply here and that consequently

this court must declare his warrantless arrest and search unconstitutional and consider the evidence obtained therefrom fruit of the poisonous tree. In *Payton,* the Court held that the Fourth Amendment prohibits the police from making a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest. As the facts of this case indicate, petitioner, contrary to the holding in *Payton,* was arrested and searched by police in his home without an arrest warrant. Petitioner's arrest, however, was made before *Payton* was decided. Hence, only if *Payton* were applied retroactively could petitioner show he was actually and substantially prejudiced by constitutional error.

█ To determine whether to apply the rule announced in *Payton* retroactively, we turn first to United States Supreme Court decisions addressing the retroactivity issue. The Supreme Court began its consideration of the retroactive and prospective application of new legal principles in *Linkletter v. Walker,* 381 U.S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731 (1965). In *Linkletter,* the Court concluded that the United States Constitution neither prohibits nor requires that retrospective effect be given to any new constitutional rule. *Linkletter,* at 629. Two years after deciding *Linkletter,* the Court articulated a balancing test for determining the retroactivity of a new constitutional decision:

> The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.

*Stovall v. Denno,* 388 U.S. 293, 297, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967). In applying the balancing test, the Supreme Court has reached several conclusions. First, when a new rule constitutes a clear break with past precedent, it almost invariably is nonretroactive. *See, e.g., Desist v. United States,* 394 U.S. 244, 22 L. Ed. 2d 248, 89 S. Ct. 1030 (1969). On the other hand, when the Court merely

applies settled precedent to new and different factual situations, the decision should apply retrospectively. *United States v. Johnson,* 457 U.S. 537, 549, 73 L. Ed. 2d 202, 102 S. Ct. 2579 (1982). This court has adopted the *Stovall* balancing test. *See In re Haverty,* 94 Wn.2d 621, 618 P.2d 1011 (1980).

Two of the most recent Supreme Court decisions addressing the retroactivity issue and reevaluating the balancing test are *United States v. Johnson, supra,* and *Solem v. Stumes,* ___ U.S. ___, 79 L. Ed. 2d 579, 104 S. Ct. 1338 (1984). In both instances the Court was presented with a new constitutional principle that was neither a clear break with the past nor a reapplication of a settled rule. These cases disclose new principles applicable to the retroactivity analysis.

In *United States v. Johnson, supra,* the Court was faced with deciding the retroactivity of *Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980) to a case on direct appeal. The Court held that the interests of principled decisionmaking and equal treatment of those similarly situated require retroactive application of decisions construing the Fourth Amendment to all convictions not yet final at the time the decision was rendered. *Johnson,* at 562. This court adopted this rule in *State v. Counts,* 99 Wn.2d 54, 659 P.2d 1087 (1983). Shortly thereafter *Solem v. Stumes, supra,* was decided. *Solem* involved the retroactive application of *Edwards v. Arizona,* 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880 (1981)[1] to a case on collateral review. The Court concluded that the reliance interest of the police, the effect on the administration of justice, and the minimal effect on the truth–finding function dictate nonretroactive application of decisions amplifying the exclusionary rule to cases on collateral review. *Solem,* 79 L. Ed. 2d at 591–92. The clear import of these cases is that in some instances the retroactive application of a new consti-

---

[1]*Edwards v. Arizona* established the rule that once a suspect invoked the right to counsel, any subsequent conversation must be initiated by him.

tutional principle will depend on whether the case is on direct appeal or collateral review.

In light of the rules and principles outlined above and the recent United States Supreme Court cases, we conclude that when a petitioner seeks on collateral review to apply retroactively a new constitutional principle which is not a clear break with past precedent yet also not merely a reapplication of prior law, it is still appropriate to use the balancing test to determine the retroactivity or nonretroactivity of the new decision. The criteria guiding resolution of the issue, as stated previously are: (a) the purpose to be served by the new standards; (b) the reliance of law enforcement authorities on the old standard; and (c) the effect on the administration of justice.

We now turn to the case at hand. First we look at the purpose of the rule announced in *Payton*. On several occasions this court and the Supreme Court have indicated that:

> Constitutional holdings relating to the fact–finding process and its integrity and reliability are generally given retroactive application. On the other hand, those decisions limiting the government's ability to obtain and use otherwise probative evidence against the defendant as a rule apply prospectively only.

*In re Haverty,* 94 Wn.2d at 625. The purpose underlying the rule announced in *Payton* is the prevention of unreasonable entries into the sanctity of the home. *See Payton v. New York, supra,* at 588–89. The rule is designed to deter illegal police action and limits the government's ability to obtain otherwise probative evidence. The purpose of the rule strongly supports prospectivity.

We believe the effect on the administration of justice is also a compelling reason for applying *Payton* prospectively in this case. As noted by this court on several occasions, "[c]ollateral relief undermines the principles of finality of litigation, degrades the prominence of the trial, and sometimes costs society the right to punish admitted offenders." *In re Hagler,* 97 Wn.2d 818, 824, 650 P.2d 1103 (1982).

Retroactive application of *Payton* to cases on collateral review could give a significant number of defendants an opportunity to challenge anew their convictions. Such challenges and possible retrial could be hampered by problems of lost evidence and missing witnesses. *See, e.g., Jenkins v. Delaware,* 395 U.S. 213, 220–21, 23 L. Ed. 2d 253, 89 S. Ct. 1677 (1969). Such an effect on the judicial system clearly supports prospective application.

Finally, we believe it would be unreasonable to expect law enforcement authorities to have foreseen the bright line rule drawn in *Payton* prior to its announcement. In sum, the rule announced in *Payton* has little to do with the truth–finding function of a criminal trial and retroactive application would clearly disrupt the administration of justice. Weighing these considerations, we conclude that *Payton* should not be applied retroactively to cases on collateral review. It is also the opinion of this court that contrary to petitioner's urging, it is irrelevant that petitioner's first appeal transpired prior to the decision in *Payton.* More important is the fact that the warrantless arrest issue was not raised until the second appeal and was disallowed at that time. *See State v. Sauve,* 100 Wn.2d 84, 666 P.2d 894 (1983). Clearly, the case was final when petitioner raised the warrantless arrest issue. Accordingly, petitioner's arrest was not unlawful and evidence seized pursuant to such arrest does not constitute fruit of the poisonous tree. Consequently, there was no error and petitioner's challenge to the arrest and subsequent search must be denied.

## III

Petitioner argues next that his convictions were improper because he was denied his right to confront witnesses against him. Pursuant to Const. art. 1, § 22 (amend. 10), RCW 10.52.060 and the sixth amendment to the federal constitution, an accused has the right to confront his accuser at trial. Petitioner asserts this right was violated when the officer who received the informant's tip failed to testify at the suppression hearing.

■ As noted earlier, in a personal restraint petition the petitioner has the burden of showing an actual prejudice created by constitutional error. *In re Hews,* 99 Wn.2d 80, 660 P.2d 263 (1983). Petitioner has failed to meet this burden. There is no evidence that petitioner asked the State for the testimony of the officer who received the tip, nor did petitioner himself attempt to call the officer to the stand. The State was not given a chance at trial to either present the officer's testimony or prove his unavailability. The failure of petitioner to exercise his rights at trial does not constitute a denial of such rights. *See State v. Murphy,* 35 Wn. App. 658, 669 P.2d 891 (1983) and *State v. Whittington,* 27 Wn. App. 422, 618 P.2d 121 (1980). Hence petitioner's challenge to his conviction based on his right of confrontation must be denied.

## IV

■ Finally petitioner argues that his conviction on several counts of first degree robbery and possession of stolen property constitutes double jeopardy. In *State v. Johnson,* 96 Wn.2d 926, 639 P.2d 1332 (1982), this court held that double jeopardy is inapplicable when sentences run concurrently and do not exceed the penalty for one of the offenses of which a defendant is properly convicted. This rule applies to the instant action.

Accordingly, we deny petitioner's personal restraint petition.

WILLIAMS, C.J., UTTER, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., and SKIMAS, J. Pro Tem., concur.