[No. 16049–4–I.   Division One.   May 21, 1986.]

*In the Matter of the Personal Restraint of*
JOHN GLOWCZYK, *Petitioner.*

*Anthony Savage,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Celeste Stokes, Deputy,* for respondent.

WILLIAMS, J.—In this personal restraint petition, John Glowczyk asserts that the jury instructions on self–defense, which did not specifically allocate the burden of proof to the State, relieved the State of proving an essential element of second degree assault, thereby denying him due process of law. *See State v. McCullum,* 98 Wn.2d 484, 494–96, 656 P.2d 1064 (1983).

Because the instructions did not clearly and unambiguously inform the jury that the State must prove the absence of self–defense beyond a reasonable doubt, they were incorrect. *State v. Acosta,* 101 Wn.2d 612, 621, 683 P.2d 1069 (1984).

Glowczyk must also show, however, that this error worked to his prejudice. Although the court in *In re Skjonsby,* 40 Wn. App. 541, 699 P.2d 789 (1985) presumed that this error was prejudicial, *Skjonsby,* at 546, the correct rule is set forth in *In re Sauve,* 103 Wn.2d 322, 325, 692 P.2d 818 (1985) as follows:

> Recently this court adopted the rule that the petitioner in a personal restraint petition has the burden of showing an *actual prejudice* created by constitutional error. *In re Hews,* 99 Wn.2d 80, 89, 660 P.2d 263 (1983).

(Italics ours.) Moreover, the question upon a personal restraint petition is "whether petitioner is able to show that, more likely than not, he was actually and substantially prejudiced by the instructions." *In re Haverty,* 101 Wn.2d 498, 504, 681 P.2d 835 (1984); *In re Hagler,* 97 Wn.2d 818, 650 P.2d 1103 (1982).

The jury was instructed upon the elements of the offense of assault as follows:

> To convict the defendant, John Glowczyk, of the crime of assault in the second degree as charged, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about the 30th day of August, 1981, the defendant knowingly:
>
> (a) assaulted Janusz Brodowski with a weapon or other instrument or thing likely to produce bodily harm; or
>
> (b) inflicted grievous bodily harm upon Janusz Brodowski, with or without a weapon; and
>
> (2) That the acts occurred in King County, Washington.
>
> If you find from the evidence that element (2) and either (1)(a) or (1)(b) have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. Elements (1)(a) and (1)(b) are alternatives and

only one need be proved.

On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Instruction 8. And upon self–defense as follows:

It is a defense to a charge of Assault that the use of force was lawful as defined in these instructions.

The use of force upon or toward another person is not unlawful whenever used by a person about to be injured in preventing or attempting to prevent an offense against him, or whenever used by a person in defense of a third person who is about to be injured to prevent or attempt to prevent an offense against that third person, or in preventing or attempting to prevent a malicious interference with real or personal property lawfully in his possession, and when the force is not more than shall be necessary.

Necessary means that no reasonably effective alternative to the use of force appeared to exist and that the amount of force used was reasonable to effect the lawful purpose intended.

The kind and degree of force which a person may use in self–defense is limited to that which a reasonable, ordinarily cautious and prudent individual would use in the same situation as such person using the force, seeing what the person sees, and knowing what the person knows.

Instruction 15.

No person may by any unlawful act create a necessity for acting in self–defense and thereupon use, offer or attempt to use force upon or toward another person. Therefore, if you find beyond a reasonable doubt that the defendant was the aggressor and that defendant's acts and conduct provoked or commenced the fight, then self–defense is not available as a defense.

Instruction 16.

■ We are therefore asked to decide whether "[t]he jury could have believed the defendant had to persuade them that he acted in self–defense." *Acosta,* at 624. We have examined the record and determined that if Glowczyk's account of the altercation was believed, there was substan-

tial evidence of self–defense. There is no way of knowing the thinking of the jury upon the burden of disproving this negative quantity. Disproof of a negative is a taxing mental exercise fraught with difficulty, particularly where there are two diametrical versions of a dispute with the evidence coming solely from the disputants, as in this case. The instructions, as given, permit the jury to consider the evidence of self–defense as creating a reasonable doubt of guilt without going into the burden of proof question, but that is not the law in this state. *Acosta.*

The personal restraint petition is granted and the cause directed to the superior court for retrial where, if there is evidence of self–defense, the appropriate instructions upon the burden of proof therefore will be given.

SWANSON and GROSSE, JJ., concur.