[No. 52235-9. En Banc. September 25, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. MARTIN J. PURDOM, *Petitioner.*

---

*Hormel & Aiken,* by *C. E. Hormel,* for petitioner.

*Paul Klasen, Prosecuting Attorney,* and *Kenneth L. Jorgensen, Deputy,* for respondent.

GOODLOE, J.—Petitioner Martin J. Purdom appeals his conviction of being an accomplice to the delivery of a controlled substance arguing error occurred by allowing the charge to be amended on the day of trial without granting his request for a continuance and error occurred by the admission of prior consistent statements. We agree, reverse the conviction, and remand for a new trial.

On May 20, 1983, the Grant County Prosecutor charged Purdom with conspiracy to deliver a controlled substance on or about April 27, 1983, in violation of RCW 69.50-.401(a) and RCW 69.50.407. Trial, originally scheduled for August 8, 1983, was continued until September 12, 1983. On September 12, 1983, the State moved to amend the information to replace the conspiracy charge with a charge of being an accomplice in violation of RCW 69.50.401(a) and RCW 9A.08.020. The trial court allowed the amendment. Defense counsel moved for a continuance, arguing more time was needed to study and prepare in order to respond to the amended information. Counsel had only been informed of the prosecutor's intention to amend on the preceding Friday, September 9, 1983. The trial court

refused to grant the continuance.

At the jury trial, three witnesses testified: Jeffrey Allen, the involved undercover agent; a Grant County detective who received the cocaine from Allen; and a crime lab analyst. Allen, the key witness, testified to the events on the evening of April 27, 1983. Allen testified that at approximately 7:30 p.m. he arrived as planned at the Harvester Tavern parking lot in Quincy to meet Keith Kleyn for the purpose of purchasing cocaine. Kleyn arrived about 5 minutes later in a car driven by Martin J. Purdom. Kleyn was seated in the front passenger seat. Allen went to the driver's window, was introduced to Purdom, and discussed with Kleyn the purchase of the cocaine. Allen handed the $110 purchase price to Purdom, who handed it to Kleyn. Allen was told to wait in the tavern while the cocaine was obtained from an unnamed source.

Purdom returned for Allen about 40 minutes later, and told Allen to follow him to Kleyn's residence, where Kleyn would be waiting. At the house, the three were seated at a table when Kleyn handed a small, sealed black container of cocaine to Allen. Kleyn asked Allen to give Purdom and him two lines of cocaine for making the delivery. Allen obliged them.

Following the transaction, Allen prepared a 1–page typewritten report of the incident. Allen admitted on cross examination that the report did not state that the $110 was handed to Purdom who handed it to Kleyn, nor that a line of cocaine was for Purdom.

The prosecutor was allowed to recall Allen, who testified that at a deposition on August 2, 1983, he had stated the two lines of cocaine were for Purdom and Kleyn. Defense counsel objected to the testimony as hearsay not falling within the ER 801(d)(1)(ii) exception. The trial court overruled the objection. The defense presented no witnesses.

Purdom was found guilty and sentenced. The Court of Appeals, Division Three, in an unpublished opinion affirmed the conviction. The Court of Appeals held that (1) under the totality of the circumstances, the trial court did

not abuse its discretion in denying the continuance; and (2) the admission of Allen's prior consistent statements under ER 801(d)(1)(ii) was error but it was only harmless error. Purdom petitioned this court for discretionary review which was granted.

Two issues must be addressed. The first issue is whether the trial court abused its discretion when it denied the defendant's motion for a continuance after the prosecutor was allowed to amend the information on the day of trial.

Purdom argues that the court should have granted him a continuance when the prosecutor amended the charge on the day of trial, because failure to do this was an abuse of discretion or in the alternative, a violation of Purdom's constitutional rights. Purdom properly raised his constitutional challenge arising from a criminal trial for the first time in his petition for review by this court. *State v. McCullum*, 98 Wn.2d 484, 487, 656 P.2d 1064 (1983). Because of our resolution of the issue, however, it is not necessary to address the constitutional challenge. *See In re Sauve*, 103 Wn.2d 322, 325, 692 P.2d 818 (1985).

The court rule addressing amendments of information for this type of case, former CrR 2.1(d), provided:

> **Amendment of Information.** The court may permit any information to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

We find as a matter of law that substantial rights of the defendant were violated by amending the charge on the day of trial without granting a continuance when one was requested.

CrR 3.3(h) covers continuances. The decision on a motion for a continuance rests within the sound discretion of the trial court. *State v. Williams*, 84 Wn.2d 853, 529 P.2d 1088 (1975); *State v. Kelly*, 32 Wn. App. 112, 114, 645 P.2d 1146 (1982). Failure to grant a continuance, however, may deprive the defendant of a fair trial and due process of the law, within the circumstances of a particular case. *Williams*, at 855; *State v. Cadena*, 74 Wn.2d 185, 443 P.2d 826

(1968).

"An amendment to an information at trial may prejudice a defendant by leaving him without adequate time to prepare a defense to a new charge." *State v. Jones,* 26 Wn. App. 1, 6, 612 P.2d 404, *review denied,* 94 Wn.2d 1013 (1980); *see also State v. LaPierre,* 71 Wn.2d 385, 428 P.2d 579 (1967). In cases addressing an amendment to an information which resulted in a different charge, the facts show that a continuance was granted, *State v. Lutman,* 26 Wn. App. 766, 614 P.2d 224 (1980); or the facts specifically note that a continuance was not requested. *State v. Gosser,* 33 Wn. App. 428, 435, 656 P.2d 514 (1982); *State v. Brown,* 74 Wn.2d 799, 801, 447 P.2d 82 (1968).

Defense counsel in this case expressed surprise and requested a continuance. He had only learned of the prosecutor's decision to amend on the Friday preceding the Monday trial. When defense counsel made the motion for a continuance, he stated he did not know whether the prejudice would be great or not because he had not had time to study the matter. Counsel further explained that he had prepared to answer the original charge and should be given an opportunity to consider how to meet the new charge. We agree. The defendant must be given the opportunity when it is requested to prepare to meet the actual charge made against him when it is made for the first time on the day trial is to begin. We remand for a new trial.

The second issue is whether error occurred when the trial court allowed Allen to testify as to his prior consistent statement.

Pursuant to ER 801(d)(1)(ii), the trial court admitted the statement Allen made at the August deposition about the two lines of cocaine for Kleyn and Purdom. ER 801(d)-(1)(ii) provides:

> **(d) Statements Which Are Not Hearsay.** A statement is not hearsay if—
> (1) *Prior Statement by Witness.* The declarant testifies at the trial or hearing and is subject to cross examination concerning the statement, and the statement is

. . . (ii) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive . . .

■ The Court of Appeals correctly held admission of the deposition statement was error because prior consistent statements are not admissible to merely reinforce or bolster the testimony. *Thomas v. French,* 99 Wn.2d 95, 103, 659 P.2d 1097 (1983). Repetition generally is not a valid test of veracity. *State v. Harper,* 35 Wn. App. 855, 670 P.2d 296 (1983). As the court noted:

> Evidence which counteracts a suggestion that the witness changed his story in response to some threat or scheme or bribe by showing that his story was the same prior to the external pressure is highly relevant in shedding light on the witness' credibility. Evidence which merely shows that the witness said the same thing on other occasions when his motive was the same does not have much probative force "for the simple reason that mere repetition does not imply veracity."
> (Footnotes omitted.) 4 J. Weinstein & M. Berger, *Evidence* ¶ 801(d)(1)(B)[01], at 801–117 to –118 (1981).

*Harper,* at 858; *State v. McDaniel,* 37 Wn. App. 768, 771, 683 P.2d 231 (1984).

The Court of Appeals held admission of the deposition statement to be harmless error. Because we are remanding for a new trial, it is not necessary to decide if admission of the deposition statement was harmless error.

DOLLIVER, C.J., and UTTER, DORE, and PEARSON, JJ., concur.

ANDERSEN, J., concurs in the result.

DURHAM, J. (dissenting)—While the prosecutor's amendment of the information on the day of trial in this case may have been shortsighted, the majority of this court misstates prior case law and implies facts that are not present in order to find reversible error in the trial court's rulings. The result of the majority's holding is a new rule of criminal procedure which is at odds with our own court rules and from which I must dissent.

The issue before us is the trial court's denial of a continuance. As noted by the majority, the decision on a motion for a continuance is within the sound discretion of the trial court. *State v. Williams,* 84 Wn.2d 853, 855, 529 P.2d 1088 (1975). An appellate court may find error only if the trial court abused that discretion. We previously have defined judicial discretion as

> a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. Where the decision or order of the trial court is a matter of discretion, it will not be disturbed on review except on a clear showing of abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.

(Citations omitted.) *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). In other words, an abuse of discretion occurs only where no reasonable person would take the view adopted by the trial court. *State v. Blight,* 89 Wn.2d 38, 41, 569 P.2d 1129 (1977).

Failure to grant a continuance is an abuse of discretion if it deprives the defendant of a fair trial and due process of law, within the circumstances of a particular case. *Williams,* at 855. This is a case–by–case inquiry which requires an actual deprivation of rights. *See also State v. Eller,* 84 Wn.2d 90, 95–98, 524 P.2d 242 (1974); *State v. Harp,* 13 Wn. App. 273, 275–76, 534 P.2d 846, *review denied,* 85 Wn.2d 1016 (1975); *State v. Cadena,* 74 Wn.2d 185, 443 P.2d 826 (1968), *overruled on other grounds in State v. Gosby,* 85 Wn.2d 758, 539 P.2d 680 (1975). In this case, the critical question should be if the defendant adequately demonstrated to the trial court that he would be prejudiced by the lack of a continuance. The majority, unfortunately, never addresses this issue.

As it happens, actual prejudice was not even argued in the instant case, let alone proven. Defense counsel never alleged that amending the information without granting a continuance would "prejudice" any "substantial rights of the defendant", which is the standard established by our

court rules for denial of such an amendment. CrR 2.1(e). Defense counsel merely stated, upon making his motion to the trial court, that he did not know the effect of the amendment upon Purdom's defense. His only grounds for the request was that he wanted more time.

Nevertheless, the majority holds that substantial rights of the defendant were violated as a matter of law. It is clear that our rules allow the amendment of an information on the day of trial. And even the majority, albeit implicitly, would not require a continuance in this situation if none were requested. By making a continuance automatic upon request, the majority presumes there has been substantial prejudice or a deprivation of rights, abandoning the case-by-case inquiry we have heretofore required. By so doing, the majority effectively creates a new rule of procedure: whenever an information is amended on the day of trial, and the defendant requests a continuance, *it must be granted*, regardless of whether that defendant's rights were actually deprived.

As support for its new rule, the majority primarily relies upon dictum in *State v. Jones,* 26 Wn. App. 1, 612 P.2d 404, *review denied,* 94 Wn.2d 1013 (1980). Majority opinion, at 749. This is a poor basis for extending the law in this area. *Jones* held that "[a] defendant cannot claim error from the amendment of an information *unless he can show he was prejudiced* thereby." (Italics mine.) *Jones,* at 6 (citing *State v. Brown,* 74 Wn.2d 799, 447 P.2d 82 (1968)). The *Jones* court applied this rule and found that "[t]he amendment of the information in the instant case did not prejudice Jones and was, therefore, proper." *Jones,* at 6. The trial court had declared a mistrial almost immediately after granting the motion to amend. Continuance of the trial was not an issue. *Jones* stands for the proposition that a defendant must show actual prejudice to sustain a claim that the amendment of an information was error. The majority ignores the clear import of the case.

The majority cites another case not on point which involves only the propriety of amending an information.

*State v. LaPierre,* 71 Wn.2d 385, 428 P.2d 579 (1967) involved a claim that an amended information charged a new and different crime. The *LaPierre* court held that the evidence introduced at trial supported the offense charged. It noted that the defendant had not suggested that he was misled or prejudiced by the amendment. The court commented in passing that if more time was needed to prepare a defense to an amended information, the defendant was entitled to request a continuance. *LaPierre,* at 388. Like the *Jones* case, *LaPierre* supports the rule that prejudice must be shown before an amendment is error.

The majority's reliance on *State v. Lutman,* 26 Wn. App. 766, 614 P.2d 224 (1980), is more obtuse. The majority makes a statement apparently suggesting that a case allowing an amendment is distinguishable because a continuance had been granted and cites *State v. Lutman.* Majority opinion, at 749. In fact, nowhere in the *Lutman* opinion is a continuance mentioned. *Lutman* concerned a district court's amendment of traffic charges to charge a completely different offense after trial. The applicable court rule, JTR 3.04, has different language than the rule at issue in this case. The *Lutman* court found error in the amendment of the information.

*State v. Brown,* 74 Wn.2d 799, 447 P.2d 82 (1968) and *State v. Gosser,* 33 Wn. App. 428, 656 P.2d 514 (1982) complete the catalog of cases cited by the majority on this issue. Again, these cases directly support a well–established rule which is contrary to the majority's result. Both cases held that a defendant cannot claim error from the amendment of an information unless he can show he was prejudiced by it. In other words, the defendant has the burden of showing prejudice. *Brown,* at 801 (citing *State v. Graeber,* 46 Wn.2d 602, 283 P.2d 974 (1955), *cert. denied,* 350 U.S. 938, 351 U.S. 970 (1956)); *Gosser,* at 435 (citing *State v. Brown, supra; State v. Jones, supra*). The majority attempts to distinguish *Brown* and *Gosser* because a continuance was not requested in those cases. Majority opinion, at 749. The absence of that fact in no way impairs

those cases' interpretation of the general effect of the court rule that prejudice must be shown.

In summary, the majority confuses the issue in this case, ignores the requirements of our own court rules, and mischaracterizes and miscites case law. The unhappy result is an unprecedented new rule of criminal procedure without support. Therefore, I dissent.

BRACHTENBACH and CALLOW, JJ., concur with DURHAM, J.