# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53384-7-II |
| Respondent. | |
| vs. | UNPUBLISHED OPINION |
| OLEG VLADIMIROVIC FABYANCHUK, aka IGOR V. FABYANCHUK, | |
| Petitioner. | |

MAXA, J. – Oleg Vladimirovic Fabyanchuk appeals the trial court's denial of his motion for a continuance to allow Fabyanchuk's immigration attorney to obtain his immigration file from the United States Citizenship and Immigration Service (USCIS). This file was needed before Fabyanchuk's immigration attorney could advise him on the immigration consequences of Fabyanchuk's pending charges.

Fabyanchuk argues, and the State concedes, that the trial court erred in denying his motion for a continuance. We agree. *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010) and RCW 10.40.200(2) require defense counsel to ensure that immigration advice is provided to a noncitizen criminal defendant regarding the potential consequences of a conviction. If circumstances beyond the control of defense counsel and the defendant interfere with the defendant's ability to receive meaningful immigration advice, it is an abuse of discretion to deny a motion for a continuance until such advice can be provided.

Accordingly, we reverse the trial court's denial of the motion for a continuance and remand for the trial court to reset the trial date.

FACTS

Fabyanchuk is not a United States citizen. He is a legal permanent resident of the United States. He came to the United States from Ukraine.

In October 2017, Fabyanchuk was charged with four counts of first degree possession of depictions of minors engaged in sexually explicit conduct, first degree dealing in depictions of a minor engaged in sexually explicit conduct, and first degree internet viewing of depictions of a minor engaged in sexually explicit conduct.

In November 2018, defense counsel and Fabyanchuk retained private immigration counsel to research and provide advice on the specific immigration consequences of the pending charges. Immigration counsel requested Fabyanchuk's immigration file from USCIS and informed defense counsel that USCIS could take about 100 days to respond. Fabyanchuk filed an unopposed motion for a continuance. The trial court granted the motion and continued the trial to April 22, 2019. The commencement date for trial was reset at April 1.

In December 2018, the federal government shut down for a period of 35 days. In early April, immigration counsel still had not received Fabyanchuk's immigration file. Fabyanchuk filed another motion for a continuance based on the inability to obtain the immigration file. In a supporting declaration, immigration counsel stated that once he received the immigration file, he could begin an analysis of whether the pending charges had any immigration consequences. Fabyanchuk requested a continuance of 45 to 60 days and agreed to waive any speedy trial rights. The State did not oppose this motion.

The trial court denied the motion for a continuance, stating, "I'm not in a position to continue the trial at this time." Report of Proceedings (RP) at 16. The court was concerned that the contents of the immigration file would not make any difference regarding the immigration consequences of a plea or a conviction. The court stated:

> I'll need to have some indication from the immigration attorney that you're consulting with as to what possible difference it would make to have his file.
> . . .
>
> So I need something from your immigration lawyer that says these are possibilities – that it might make some real difference. In exercising my discretion I have to know that I'm not just engaging in something (inaudible). If no matter what he does he runs the risk of immigration consequences we don't need to delay the trial for that.

RP at 16, 18. The court stated that Fabyanchuk could renew his motion for a continuance based on an update from the immigration lawyer.

Fabyanchuk filed a motion for discretionary review in this court of the trial court's denial of his continuance motion. This court stayed the trial court proceedings pending resolution of the motion. A commissioner of this court acknowledged that the case was now moot because the immigration file had been obtained but granted review because the case involved a matter of continuing and substantial public interest. Ruling Granting Review, *State v. Fabyanchuk*, No. 53384-7-II, at 4-5 (Wash. Ct. App. June 25, 2019). Based on the commissioner's ruling, we address this issue on the merits.

## ANALYSIS

Fabyanchuk argues that the trial court's denial of his unopposed motion for a continuance was an abuse of discretion because it denied him effective assistance of counsel. Specifically, the court's denial of a continuance prevented him from obtaining meaningful immigration advice

after immigration counsel obtained and reviewed his immigration file. The State concedes that the trial court's denial of the motion constituted an abuse of discretion. We agree.[1]

### A.     MOTION FOR CONTINUANCE

CrR 3.3(f)(2) states that a trial court may continue the trial date "when such continuance is required in the administration of justice" and the defendant will not be prejudiced. In general, the decision to grant or deny a trial continuance rests within the sound discretion of the trial court. *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). We review a trial court's decision to grant or deny a continuance for an abuse of discretion. *Id.*

However, the trial court's "[f]ailure to grant a continuance . . . may deprive the defendant of a fair trial and due process of the law, within the circumstances of a particular case." *State v. Purdom*, 106 Wn.2d 745, 748, 725 P.2d 622 (1986). To establish an abuse of discretion for denial of a continuance, an appellant must show that he or she has been prejudiced. *State v. Deskins*, 180 Wn.2d 68, 82, 322 P.3d 780 (2014).

### B.     EFFECTIVE ASSISTANCE OF COUNSEL AND IMMIGRATION ADVICE

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). This guarantee applies at the plea bargaining stage so the defendant can make an informed choice regarding whether to plead guilty or go to trial. *Id.* at 464.

The constitutional guarantee of effective assistance of counsel requires that a noncitizen criminal defendant be advised of the potential immigration consequences of a guilty plea.

---

[1] Fabyanchuk also argues that the trial court violated his right to a fair trial and due process. Because we reverse on other grounds, we do not address those claims.

*Padilla*, 559 U.S. at 374; *see also State v. Sandoval*, 171 Wn.2d 163, 170, 249 P.3d 1015 (2011). Where immigration law is clear that the charged offense is deportable, defense counsel must correctly advise the defendant that pleading guilty would result in deportation. *Padilla*, 559 U.S. at 368-69. Where the law is not straightforward, defense counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id*. at 369. Both incorrect advice and the failure to give any advice can constitute ineffective assistance of counsel. *Id*. at 370-71.

RCW 10.40.200, enacted long before *Padilla*, also provides that noncitizen criminal defendants must be advised of immigration consequences before entering a guilty plea. RCW 10.40.200(2) states:

> Prior to acceptance of a plea of guilty to any offense punishable as a crime under state law, . . . the court shall determine that the defendant has been advised of the following potential consequences of conviction for a defendant who is not a citizen of the United States: Deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

A defendant who does not receive this advice is entitled to withdraw his guilty plea. RCW 10.40.200(2).

The Supreme Court in *In re Personal Restraint of Yung-Cheng Tsai* emphasized that "RCW 10.40.200's plain language gives noncitizen defendants the unequivocal right to advice regarding immigration consequences and necessarily imposes a correlative duty on defense counsel to ensure that advice is provided." 183 Wn.2d 91, 101, 351 P.3d 138 (2015). The failure to ensure that this advice is provided constitutes ineffective assistance of counsel. *See id.* at 102-03, 107.

C.      NECESSARY CONTINUANCE TO PROTECT RIGHTS

Here, Fabyanchuk is not a United States citizen; he is a legal permanent resident. Defense counsel had a duty under *Padilla*, RCW 10.40.200, and Fabyanchuk's constitutional

right to effective assistance of counsel to ensure that Fabyanchuk was advised regarding the immigration consequences of a conviction. To fulfill this duty, defense counsel and Fabyanchuk retained an immigration attorney to properly advise Fabyanchuk.

Immigration counsel made it clear that he could not begin his analysis of whether the pending charges had any immigration consequences until he received Fabyanchuk's immigration file. The problem, as defense counsel explained to the court, was that they did not know Fabyanchuk's immigration status without seeing the immigration file. Counsel noted that there are different ways a noncitizen can be admitted into the United States and the different ways may have different restrictions. The prosecutor also noted that based on the nature of Fabyanchuk's status, his immigration status may or may not be affected by convictions of a certain nature.

The trial court was skeptical about the suggestion that felony convictions might *not* have immigration consequences. However, the key here is that RCW 10.40.200(2) "gives noncitizen defendants the unequivocal right to advice regarding immigration consequences." *Tsai*, 183 Wn.2d at 101. And defense counsel had a duty to ensure that such advice was provided to Fabyanchuk. *Id.* The record was clear in this case that defense counsel could not fulfill its duty to provide effective assistance of counsel until the immigration file could be obtained.

There may be circumstances where obtaining a defendant's immigration file will not be required for defense counsel to ensure that a defendant receives proper advice regarding immigration consequences. But when it is clear that the immigration file is needed to provide the required advice and procuring the file is delayed through no fault of defense counsel or the defendant, defense counsel must be allowed the opportunity to obtain that file before the defendant is forced to enter a plea or go to trial.

Under the facts of this case, the trial court's order denying the motion for a continuance was an abuse of discretion. Without a continuance to allow him to obtain the immigration file, immigration counsel could not advise Fabyanchuk on the specific immigration consequences of the pending charges. Without immigration counsel's research and advice, defense counsel could not discharge his own duties to his client.

The trial court's order also prejudiced Fabyanchuk. Without the benefit of his immigration attorney's advice, Fabyanchuk would not be able to make an informed or strategic decision about entering into plea bargain negotiations or going to trial. We hold that the trial court abused its discretion in denying Fabyanchuk's motion for a continuance.

## CONCLUSION

We reverse the trial court's denial of the motion for a continuance and remand for the trial court to reset the trial date.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

SUTTON, A.C.J.

GLASGOW, J.

7