[Nos. 15014-3-III; 15040-2-III.    Division Three.    September 14, 1999.]
The State of Washington, *Respondent*, v. Carol M.D.,
et al., *Appellants*.

---

[13]*State v. Bland*, 71 Wn. App. 345, 354, 860 P.2d 1046 (1993).
[14]RCW 2.06.040.

*Robert C. Van Siclen* of *Van Siclen & Stocks* (*Robert Rosenthal*, of counsel), and *Eric J. Nielsen* and *James R. Dixon* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellants.

*Gary A. Riesen, Prosecuting Attorney*, and *Roy S. Fore, Deputy*, for respondent.

SCHULTHEIS, C.J. — In an opinion filed in December 1997, we reversed the convictions of Mark and Carol D. for first degree rape of a child and complicity to commit first degree child molestation of the couple's youngest daughter, M.D. *State v. Carol M.D.*, 89 Wn. App. 77, 948 P.2d 837 (1997). We held that the superior court erred when it permitted M.D.'s counselor to testify about statements M.D. made to

the counselor about her parents. The superior court had relied upon ER 803(a)(4), which excepts from the hearsay rule "[s]tatements made for purposes of medical diagnosis or treatment . . . ." We concluded the court admitted those statements without proper foundation; i.e., without an affirmative showing M.D. understood she needed to give accurate and truthful responses to the counselor's questions, to assist the counselor in treating her.

On retrial, we also instructed the superior court to conduct a "taint" hearing and enter findings on the issue of whether the State improperly influenced statements and testimony by M.D. We based this portion of our opinion on the fact M.D. had made inconsistent statements about the alleged abuse, and on evidence Detective Robert Perez and others had employed improper interview techniques with M.D. and her siblings. The evidence raised a question of whether the State's handling of M.D. was so suggestive and coercive as to render her incompetent to testify. We relied upon *State v. Michaels*, 264 N.J. Super. 579, 625 A.2d 489, 517 (1993), *aff'd*, 136 N.J. 299, 642 A.2d 1372 (1994). There, the court detailed improprieties, some of which Mr. and Mrs. D. allege occurred here:

> Certain questions planted sexual information in the children's minds . . . Children were encouraged to help the police "bust [ ] this case wide open." Peer pressure and even threats of disclosing to the other children that the child being questioned was uncooperative were used. A child was told that she needed to talk to help her friends and that the investigator had already spoken to five other children who revealed what happened. In some cases, certain children were told in detail what another child had disclosed. Sexualized discourse was encouraged and applauded.
>
> . . . Children were told they could keep Kelly locked in jail by cooperating; therefore, they and their families would be safe. Anatomical dolls were used in the interviews, and in some cases the children did not disclose anything until they were either presented with the dolls, shown various eating utensils, or encouraged to demonstrate how Kelly *might* have

hurt a little girl or boy. The records of the interviews show that these methods caused certain children to use their imagination and stray from reality, even to the dismay of the investigator at times. In several instances, the children were tired and/or resistant to participating in the interviews, but the investigators continued to press for cooperation.

*Michaels,* 625 A.2d at 511.

■ The State petitioned the Washington Supreme Court for review of our decision. The Supreme Court remanded the cause to us for reconsideration in light of *In re Dependency of A.E.P.,* 135 Wn.2d 208, 956 P.2d 297 (1998). *A.E.P.* held that issues concerning whether the State or others have tainted a child's testimony or statements should be considered in the context of a witness competency hearing and/or a child abuse hearsay hearing under RCW 9A.44.120. The court expressly declined "to adopt a pretrial taint hearing as a requirement for the reason that the existing state of the law adequately addresses" those concerns. *A.E.P.,* 135 Wn.2d at 230.

We therefore withdraw the portion of our earlier opinion that directed the superior court to conduct a "taint" hearing. Instead, on retrial, the court shall conduct a competency hearing to determine whether the State subjected M.D. to coercive and improper tactics that rendered her incapable of testifying accurately at trial about what happened to her. It also shall conduct a hearing pursuant to RCW 9A.44.120 to determine whether her statements to her counselor were reliable, or were the product of improper and suggestive questioning.

In all other respects, we adhere to our earlier opinion that reversed the D.s' convictions and remanded their cases for retrial.

KURTZ, J., concurs.

BROWN, J. (dissenting) — I adhere to my dissent stated in *State v. Carol M.D.,* 89 Wn. App. 77, 948 P.2d 837 (1997).

In view of the Supreme Court's remand to reconsider in light of *In re Dependency of A.E.P.*, 135 Wn.2d 208, 956 P.2d 297 (1998), I believe we must simply eliminate any requirement for a separate taint hearing. This would provide the necessary procedural guidance for our trial courts while awaiting the outcome of the State's petition for review of the remaining issues.

*A.E.P.* is significantly different than our case because there the child was found *incompetent* at a competency/hearsay hearing and therefore, unavailable to testify at trial. Accordingly, corroborating evidence was required for her statements to be admissible. *Id.* at 227. Here, M.D. was *twice found competent* by separate judges at competency/hearsay hearings and, therefore, available to testify against both defendants. This is an important difference because no corroborating evidence was required before admitting the hearsay statements at trial, the reversible error in *A.E.P. Id.* at 234.

Being found competent to testify signifies M.D.'s minimal ability to know, *recollect* and communicate facts, plus the ability to understand the duty to tell the truth. *State v. Ryan*, 103 Wn.2d 165, 171-72, 691 P.2d 197 (1984). Accordingly, M.D. was permitted to testify about what she remembered at trial. Those relating her hearsay also testified at trial. All were available for cross-examination on whether her memory was tainted, as well as other matters bearing on credibility and weight. This record indicates the memory taint issue was raised before the jury, but apparently rejected. Directing a third or fourth competency hearing is unwarranted.