[No. 24476-8-III.   Division Three.   February 6, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. CARLOS M. PEREZ, *Appellant*.

*Cece L. Glenn, for appellant.*

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies,* for respondent.

¶1 SWEENEY, C.J. — A jury convicted Carlos M. Perez of reckless endangerment for firing a BB gun at a target held by a four-year-old child. He assigns error to a number of the court's rulings on evidence. The court admitted statements made by the child victim to a social worker and a police officer. The court allowed the social worker to opine that the child was traumatized by the event. And the court found the child was competent to testify despite fantastic statements he made during a pretrial hearing. Allowing the child to testify was a discretionary call by the trial judge, and we find no abuse of that discretion. The social worker's opinion that the child was traumatized by these events was admissible as an expert opinion, if indeed the conclusion that the child was traumatized required an expert opinion. And, while the child's statements to the social worker should not have been admitted under the medical treatment and diagnosis exception to the hearsay rule, those statements were admissible as prior consistent statements. We therefore affirm the conviction.

## FACTS

¶2 Danielle Perez called the police to report an episode of domestic violence in her home. The State arrested her husband, Carlos Perez. Mr. Perez had fired a BB gun at or near Ms. Perez's four-year-old son, S. The State charged Mr. Perez with third degree assault of a child or, in the alternative, reckless endangerment.

¶3 The court held a hearing to determine whether S. was competent to testify. The child recounted details of the BB gun incident. Defense counsel elicited the boy's views on the personal habits of dinosaurs and dragons. S. knew that

dinosaurs and Spiderman were not real but was not so sure about dragons. S. also talked about visits to Hawaii, New York, and the Fiji Islands. He admitted that he made up the Hawaii trip to make his mother laugh. He said he understood the difference between teasing and telling the truth and was not teasing about the substance of his testimony. S.'s mother testified that he told the exact same story to the prosecutor before the hearing as he had told the police. A witness to the prosecutor's interview testified that S. offered independent details.

¶4 The court stated that it had carefully observed the child and assessed his demeanor, credibility, and motivations. The judge articulated on the record the factors considered. The court was satisfied that the child could distinguish the true from the false, despite his vivid imagination. The court also determined that S. understood the need to tell the truth, had the mental capacity to receive an accurate impression of the events at the time they occurred, and had the present ability to understand simple questions and express his memory in words. The court ruled that S. was competent to testify.

¶5 The case was tried to a jury. S. testified that he and Mr. Perez were playing in a locked bedroom with a BB gun. He said he held the target for Mr. Perez to shoot at and that two of the pellets bounced back and hit him on the forehead and the knee. He testified that his seven-month-old baby brother was also in the room.

¶6 The court admitted hearsay evidence from Spokane Police Officer Jennifer DeRuwe despite defense objections. Officer DeRuwe had responded to the 911 call. She talked to S. to document probable cause to arrest Mr. Perez. She testified that S. was crying and scared. He told her a pellet hit his knee and hurt really bad and that his dad wanted him to shoot back at him but S. did not want to. The court admitted this evidence without objection under the excited utterance exception to the hearsay rule.

¶7 The State offered the boy's descriptive statements to Division of Children and Family Services (DCFS) social

worker Asa Goins as substantive evidence under ER 803(a)(4)—the hearsay exception for statements made for the purpose of medical diagnosis or treatment. Mr. Goins visited the home and interviewed the child 10 days after the incident. The defense objected to the testimony under the medical exception to the hearsay rule. Mr. Perez argued that the declarant, S., did not believe his statements were for diagnosis or treatment. And the statements were not, in fact, for medical diagnosis or treatment. Moreover, Mr. Goins is neither a medical doctor nor a therapist, and he talked to the child solely in his capacity as an investigator for the DCFS. Mr. Goins agreed that he was not providing counseling or therapy to S. but was simply investigating. There was no diagnosis or treatment. The court nevertheless admitted the hearsay under ER 803(a)(4) (statement for medical treatment or diagnosis).

¶8 The court also allowed Mr. Goins to testify that he had concluded from S.'s demeanor that he was traumatized by the shooting incident. Again, the defense objected that diagnosing trauma is beyond the scope of a social worker's expertise and that the State never disclosed Mr. Goins as an expert during pretrial discovery. Mr. Goins testified that he had extensive training and experience as a therapist and that his current job included evaluating children for recommended therapy and counseling. He had 10 years of experience. The court admitted Mr. Goins's opinions.

¶9 S.'s mother testified that Mr. Perez and an adult friend, William Jacob, were playing that day with a spring dart gun in the locked bedroom with S. in the room. There was also a BB gun in the room. Ms. Perez heard S. yell, "Don't shoot me." Report of Proceedings (RP) at 121-22. Mr. Jacob testified that Mr. Perez was shooting a BB gun in the bedroom in the presence of S. Mr. Jacob said the child wore goggles to protect his eyes. Mr. Jacob did not see S. get hit and did not see any injuries. Officer DeRuwe testified that, after his arrest, Mr. Perez told her that a pellet may have bounced off the wall and hit the boy but that he did not shoot at him on purpose.

¶10 The jury acquitted Mr. Perez of assault and found him guilty of the alternative count of reckless endangerment.

## DISCUSSION

EVIDENCE OF RECKLESSNESS

¶11 "A person is guilty of reckless endangerment when he or she recklessly . . . creates a substantial risk of death or serious physical injury to another person." RCW 9A.36.050(1).

¶12 Mr. Perez challenges the evidence of recklessness. He concedes he was shooting pellets with S. in the room and that S. was hit. But he contends this was not reckless because S. had on safety goggles. Therefore, there was no substantial risk of death or serious injury, the definition of recklessness. Moreover, S.'s actual injuries were slight or nonexistent.

¶13 The test for sufficiency of the evidence to support a conviction is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hosier*, 157 Wn.2d 1, 8, 133 P.3d 936 (2006); *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

¶14 Mr. Perez does not dispute the jury instruction defining "recklessly." It means disregarding a known substantial risk in a gross deviation from conduct a reasonable person would exercise in a similar situation. Mr. Perez's own version of this incident easily supports the finding of recklessness.

COMPETENCY OF THE CHILD WITNESS

¶15 To be competent to testify as a witness, a person must be of sound mind and discretion and must appear to the trial judge to be capable of receiving just impressions of the facts they are to be examined about and capable of relating them truly. RCW 5.60.050; *State v. Allen*, 70 Wn.2d

690, 692, 424 P.2d 1021 (1967). The court must be satisfied that a child witness understands the need to tell the truth in court, could perceive the events accurately at the time, has a good enough memory to retain an independent recollection of the occurrence, and is able to understand simple questions about it. *State v. Swan*, 114 Wn.2d 613, 645, 790 P.2d 610 (1990).

¶16 Mr. Perez recites a number of S.'s flights of fancy that he says should have disqualified S. from testifying. And he points out a number of inconsistencies in the details related by S., such as whether he held a pillow in front of him for protection or whether the pillow had a target on it.

¶17 The determination whether a witness is competent to testify is within the sound discretion of the trial court. We will not disturb it without a showing of a manifest abuse of that discretion. *State v. Woods*, 154 Wn.2d 613, 617, 114 P.3d 1174 (2005).

¶18 Here, the child witness accepted things he had been told, such as scenes from the day of his birth, the habits of dinosaurs and dragons, and the activities of Spiderman. But, his testimony at the competency hearing nonetheless supports the trial judge's conclusion that he was competent to testify. S. knew and described what he had seen. When pressed, S. showed that he understood the difference between fact and fiction, seriousness and teasing, and the truth and lies. S. gave the same story consistently—to the officer that night, to the DCFS investigator 10 days later, to the prosecutor immediately before the hearing, and to the judge. And S. would later testify at the trial consistently with these prior statements.

¶19 The judge observed the boy's manner and demeanor and made an excellent record to support this discretionary decision. The court addressed all the *Allen* factors. *Allen*, 70 Wn.2d at 692. He made a record of the findings of fact he relied on to conclude that S. understood the need to tell the truth in court, perceived the events accurately at the time, had an independent recollection, and could understand simple questions.

¶20 The court did not abuse its discretion in allowing S. to testify.

HEARSAY ISSUES

¶21 *Confrontation Clause.* Mr. Perez contends that S.'s statements to Mr. Goins and to Officer DeRuwe were testimonial in nature. Therefore, he argues that admitting them violated his Sixth Amendment confrontation rights. *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).

¶22 Mr. Perez also contends that S.'s hearsay statements to Mr. Goins were erroneously admitted under the medical diagnosis exception. Mr. Goins is not a medical professional, and S. did not speak to him for the purpose of diagnosis or treatment. And Mr. Goins himself testified that he talked to S. solely as an investigator.

¶23 The State responds that *Crawford* does not apply because S. testified at the trial and was cross-examined. The State does not respond to the hearsay rule issue.

¶24 We generally review evidentiary rulings for abuse of discretion. *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997). But a court necessarily abuses its discretion by denying a criminal defendant's constitutional rights. *State v. Petrina*, 73 Wn. App. 779, 787, 871 P.2d 637 (1994). And whether those constitutional rights were violated is a question of law that we review de novo. *State v. Elmore*, 121 Wn. App. 747, 757, 90 P.3d 1110 (2004), *aff'd*, 155 Wn.2d 758, 123 P.3d 72 (2005).

¶25 The Sixth Amendment guarantees criminal defendants the right to confront all witnesses against them. Introduction by the State of an out-of-court statement at trial implicates the confrontation clause as well as the hearsay rules. *Crawford*, 541 U.S. 36. But the Sixth Amendment is not implicated when the declarant testifies and can be cross-examined on the out-of-court statements. *Id.* at 59.

¶26 Here, the declarant, S., testified and was confronted and cross-examined as to the substance of his statements. Accordingly, the Sixth Amendment was satisfied.

¶27 *Medical Diagnosis and Treatment Exception.* An out-of-court statement offered to prove the truth of the matter asserted is hearsay. ER 801(c). Hearsay is not admissible unless it falls within an exception to the rules. ER 802. One such exception allows hearsay to be admitted if the declarant made the statement for the purpose of a medical diagnosis or treatment. ER 803(a)(4); *State v. Ashcraft*, 71 Wn. App. 444, 456, 859 P.2d 60 (1993). The rationale is that we presume a medical patient has a strong motive to be truthful and accurate. This provides a significant guarantee of trustworthiness. *State v. Butler*, 53 Wn. App. 214, 220, 766 P.2d 505 (1989) (quoting *United States v. Renville*, 779 F.2d 430, 436 (8th Cir. 1985)).

¶28 An exception to this exception is that we do not admit statements identifying the perpetrator of a crime under ER 803(a)(4). *Ashcraft*, 71 Wn. App. at 456. But, as an exception to the exception to the exception, we may admit the statements if the declarant is a child victim. *Id.* This is because it can be difficult to separate a child's statements of causation from the child's statements attributing fault. *Butler*, 53 Wn. App. at 217 (quoting 5A KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 367, at 89 (Supp. 1988)). Moreover, the identity of the perpetrator is crucial when treatment requires removing the child from danger. *Ashcraft*, 71 Wn. App. at 456.

¶29 Our courts have also held that statements made to a sex abuse therapist are admissible under ER 803(a)(4). *State v. Carol M.D.*, 89 Wn. App. 77, 84, 948 P.2d 837 (1997), *withdrawn in part on other grounds*, 97 Wn. App. 355, 983 P.2d 1165 (1999); *State v. Florczak*, 76 Wn. App. 55, 64-67, 882 P.2d 199 (1994). In *Florczak*, the State's social worker witness was a therapist, not an investigator. 76 Wn. App. at 60. The witness testified that she made a clinical diagnosis of posttraumatic stress syndrome. *Id.* at 61.

¶30 But we find no reported case admitting medical diagnosis hearsay under the circumstances presented here. S. did not seek medical diagnosis or treatment, nor did Mr. Goins intend to provide it. Mr. Goins is neither a doctor nor

a therapist. He visited this family solely in his capacity as a DCFS investigator. His purpose was to investigate. He testified that no diagnosis or treatment was even considered.

¶31 The court erred, then, by admitting this testimony under the medical diagnosis and treatment exception to the hearsay rule. Medical diagnosis and treatment was outside the contemplation of both the witness and the declarant. And ER 803(a)(4) does not apply.

¶32 But that does not end our analysis. We will affirm the ruling if there are other proper grounds to admit the testimony. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003); *State v. Bowen*, 48 Wn. App. 187, 194, 738 P.2d 316 (1987). And, here, there are other grounds. The trial court stated that S.'s prior consistent statements would be admissible to rebut Mr. Perez's efforts to impeach S. by persistently trying to show that S. could not distinguish the true from the false and that nothing S. said should, therefore, be believed. RP at 185.

¶33 Statements are not hearsay if "[t]he declarant testifies at the trial or hearing and is subject to cross examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut [a] charge . . . of recent fabrication or improper . . . motive." ER 801(d)(1)(ii); *State v. Thomas*, 150 Wn.2d 821, 864, 83 P.3d 970 (2004).

¶34 Prior consistent statements are generally inadmissible. They have negligible probative value because mere repetition does not make something true. *State v. McDaniel*, 37 Wn. App. 768, 771, 683 P.2d 231 (1984). But prior consistent statements may be relevant if they predate an alleged bribe or other reason to lie. The fact that the witness told the same story before is relevant to the witness's credibility; it rebuts the alleged fabrication under pressure. *See, e.g., State v. Osborn*, 59 Wn. App. 1, 4, 795 P.2d 1174 (1990). By the same reasoning, a four-year-old's prior consistent statements may be relevant when the

child's credibility is challenged on the basis of his ability to recall and testify reliably.

¶35 Here, S. testified at the trial and all his prior statements were subject to cross-examination. The trial court considered additional corroborating factors and identified them on the record. The State was entitled to rebut the inference by the defense that S. was incompetent to testify. The court, therefore, properly admitted the testimony of the child's statements.

OPINION THAT S. WAS TRAUMATIZED

¶36 Expert testimony in the form of an opinion is admissible under ER 702 if " '(1) the witness qualifies as an expert, (2) the opinion is based upon an explanatory theory generally accepted in the scientific community, and (3) the expert testimony would be helpful to the trier of fact.' " *Swan*, 114 Wn.2d at 655 (quoting *State v. Allery*, 101 Wn.2d 591, 596, 682 P.2d 312 (1984)). The rules of criminal procedure require the prosecutor to disclose its experts to the defense. CrR 4.7(a)(2)(ii). But lay opinions are admissible if they are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of rule 702." ER 701.

¶37 Mr. Perez contends that whether S. was traumatized is an expert medical opinion and Mr. Goins is not a medical expert. The State responds that Mr. Goins was qualified to express that opinion.

¶38 We review the trial court's evaluation of a proposed expert witness's qualifications for abuse of discretion. *State v. Nelson*, 72 Wn.2d 269, 276, 432 P.2d 857 (1967). We find no abuse of discretion here.

¶39 First, Mr. Goins had training and experience as a therapist. He had a master's degree in family counseling. The court was within its discretion in ruling Mr. Goins professionally qualified to express an opinion as to whether

a child is or is not traumatized. Moreover, we agree on these facts that it would not take an expert to conclude that the child was, and would be, traumatized by being shot at and struck by a BB gun.

¶40 Mr. Perez also complains that he was ambushed by this opinion testimony. He is correct that the rules of criminal procedure require the State to disclose a proposed expert witness to the defense before trial. CrR 4.7(a)(2)(ii). But this discovery rule does not require exclusion of undisclosed evidence as a sanction. CrR 4.7(h)(7)(i); *State v. Stamm*, 16 Wn. App. 603, 609, 559 P.2d 1 (1976). The appropriate sanction is, again, a matter for the trial judge's discretion. The defense here could have asked for a continuance under CrR 4.7(h)(7)(i) to meet the opinion evidence. Or it could have presented contrary evidence that S. did not appear to have been traumatized. Moreover, although Mr. Perez did not challenge the relevance of Mr. Goins's opinion that S. was emotionally traumatized, this testimony was not material to any issue before the jury. To prevail on the assault charge, the State had to prove bodily—not emotional—harm. No proof of any injury at all was needed to establish the elements of reckless endangerment.

¶41 In sum, the court did not err by admitting this testimony.

¶42 We affirm the conviction.

BROWN and KULIK, JJ., concur.